
Margaret A. McLetchie
Nevada Bar No. 10931
LANGFORD MCLETCHIE LLC
616 S. 8th Street
Las Vegas, Nevada 89101
(702)471-6565
Philip J. Kohn
CLARK COUNTY PUBLIC DEFENDER
Nevada Bar No. 0556
Christy Craig
Nevada Bar No. 6262
309 S. Third Street, Suite #226
Las Vegas, Nevada 89155
(702) 455-4685
Attorneys for Plaintiffs

Catherine Cortez Masto
ATTORNEY GENERAL
Julie A. Slabaugh
Senior Deputy Attorney General
Nevada Bar No. 5783
100 N. Carson St.
Carson City, Nevada 89701
Attorneys for Defendant

# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

| | |
|---|---|
| ERIC BURNSIDE, an individual, JAUMAL PUGH, an individual, NICHOLAS DURAN, an individual, <br> Plaintiffs, <br><br> v. <br><br> RICHARD WHITLEY, in his official capacity as acting Administrator of the Nevada Division of Mental Health and Developmental Services; DR. ELIZABETH NEIGHBORS, in her official capacity as Director Of Lake's Crossing Center for the Mentally Disordered Offender; and MICHAEL J. WILLDEN, in his official capacity as Director of the Nevada Department of Health and Human Resources <br><br> Defendants. | Case No. 2:13-cv-01102-MMD-GWF <br><br> ~~PROPOSED~~ CONSENT DECREE, ORDER, AND JUDGMENT |

1

Pursuant to a settlement conference held before Magistrate Judge Robert A. MacQuaid on December 12, 2013 and January 14, 2014, the parties have settled the above-captioned matter on the terms set forth in the attached Proposed Consent Decree, Order, and Judgment and attachment thereto ("Plan"). Pursuant to this court's minute order of January 14, 2014, the parties hereby respectfully submit the attached proposed Consent Decree, Order, and Judgment and Plan for review and approval by this Court.

Respectfully submitted this the 24th day of January by:

*/s Margaret A. McLetchie*
MARGARET A. MCLETCHIE
Nevada Bar No. 10931
LANGFORD MCLETCHIE LLC
616 S. Eighth Street
Las Vegas, Nevada 89101
(702) 471-6565
maggie@nvlitigation.com
Philip J. Kohn
CLARK COUNTY PUBLIC DEFENDER
Nevada Bar No. 0556
Christy Craig
Nevada Bar No. 6262
309 S. Third Street, Suite #226
Las Vegas, Nevada 89155
(702) 455-4685
*Attorneys for Plaintiffs*


*/s Julie A. Slabaugh*
Catherine Cortez Masto
ATTORNEY GENERAL
Julie A. Slabaugh
Senior Deputy Attorney General
Nevada Bar No. 5783
100 N. Carson St.
Carson City, Nevada 89701
*Attorneys for Defendant*

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| ERIC BURNSIDE, an individual, JAUMAL PUGH, an individual, NICHOLAS DURAN, an individual,<br><br>Plaintiffs,<br><br>v.<br><br>RICHARD WHITLEY, in his official capacity as acting Administrator of the Nevada Division of Mental Health and Developmental Services; DR. ELIZABETH NEIGHBORS, in her official capacity as Director Of Lake's Crossing Center for the Mentally Disordered Offender; and MICHAEL J. WILLDEN, in his official capacity as Director of the Nevada Department of Health and Human Resources<br><br>Defendants. | Case No. 2:13-cv-01102-MMD-GWF<br><br>**CONSENT DECREE, ORDER, AND JUDGMENT** |

The Court has reviewed and considered the Consent Decree, Order, and Judgment (and attached Plan) entered into by the parties and is of the opinion that it is a fair and reasonable resolution of the issues pending between them. Based thereon, the Court hereby approves the proposed Consent Decree (and attached Plan) and hereby approves the proposed Consent Decree and directs the entry of the Order and Judgment as follows:

## BACKGROUND

1. This Consent Decree resolves the above-captioned civil action for injunctive and declaratory relief pursuant to 42 U.S.C. § 1983 brought by Plaintiffs Eric Burnside, Jaumal Pugh, and Nicolas Duran (collectively, "Plaintiffs") against Richard Whitley, in his official capacity as Administrator of the Nevada Division of Public and Behaviorial Health; Dr. Elizabeth Neighbors, in her official capacity as Director Of Lake's Crossing Center for the

///

2. Mentally Disordered Offender; and Michael J. Wilden, in his official capacity as Director of the Nevada Department of Health and Human Services (collectively, "Defendants").

3. Plaintiffs are all pretrial detainees who have been or will be committed to the custody of the Division of Public and Behavioral Health pursuant to Nev. Rev. Stat. 178.425.

4. Section 178.425(1) of the Nev. Rev. Stat. requires that, upon entry of an order from the Eighth Judicial District Court of Nevada finding a criminal defendant incompetent, the judge shall order the Sheriff to convey the defendant forthwith to the custody of the Administrator of the Division of Public and Behavioral Health of the Department of Health and Human Services of the State of Nevada (the "Division"). Lakes Crossing Center for the Mentally Disordered Offender (LCC) is currently the only facility in Nevada operated by the Division for the purpose of treating incompetent detainees such as Plaintiffs.

5. Plaintiffs allege that Defendants failed to provide court-ordered treatment to incompetent criminal defendants, in violation of Plaintiffs' substantive and procedural due process rights guaranteed by the Fourteenth Amendment to the United States Constitution.

6. The Ninth Circuit has held that incompetent detainees must be transferred to an appropriate mental health treatment facility within seven (7) days of the court's finding of their incapacity to stand trial. *Oregon Advocacy Center v. Mink*, 322 F. 3d 1101, 1123 (9th Cir. 2003).

7. Similar issues were previously litigated in *Nevada Disability Advocacy and Law Center, Inc v. Carlos Brandenburg*, U.S. District Court of Nevada Case No. CV-S-05-0782-RCJ (RJJ) ("NDALC Case"). In an April 2008 Settlement Agreement and Release of Claims ("Agreement") entered into in the NDALC Case, the directors of DHHS, MHDS and Lakes Crossing agreed that all incapacitated criminal defendants must be provided "Prompt Restorative Treatment" at an MHDS facility. The Agreement defined "Prompt Restorative Treatment" as providing appropriate treatment to competency within seven (7) days from MHDS's receipt of a court order. In the Agreement, DHHS and MHDS agreed to a minimum

4

of three (3) years of monthly status reports regarding the Prompt Restorative Treatment of all Incapacitated Defendants. The required reporting and oversight ended in 2011.

8. In the instant litigation, Plaintiffs have alleged that, less than two (2) years after the "required reporting and oversight" ended, Defendants have returned to the 2005 practice of denying incompetent criminal defendants the required Prompt Restorative Treatment, thereby violating the substantive and procedural due process rights of said defendants. Plaintiffs have also alleged that Defendants are unable to promptly accept incompetent detainees for Prompt Restorative Treatment by Lakes Crossing that incompetent detainees have routinely spent weeks and, in most cases, months, at detention facilities where the conditions are punitive and no Prompt Restorative Treatment is available.

9. Prior to this litigation, the Governor requested and the Legislature approved the addition of ten forensic beds for Lake's Crossing to be housed in a remodeled section of the current civil hospital. This ten bed unit, referred to as Lake's Annex 2 expanded the number of available beds from 66 to 76. This unit was opened and accepting patients by January 1, 2014.

10. Defendants deny any liability to Plaintiff in connection with the claims asserted in this lawsuit, and the willingness to enter this Consent Decree in no way whatsoever constitutes an admission of liability in this action.

11. Plaintiffs and Defendants (collectively, "the parties") agree that it is in the parties' best interests, and in the public interest, to resolve this lawsuit on mutually agreeable terms without further litigation. Accordingly, the parties agree to the entry of this Consent Decree without trial or further adjudication of any issues of fact or law raised in the Complaint.

Accordingly, the parties hereby AGREE and the Court expressly APPROVES, ENTERS AND ORDERS THE FOLLOWING:

**JURISDICTION AND VENUE**

1. This Court has jurisdiction over this action pursuant to 42 U.S.C. §§ 1331 and 1343. The parties agree that venue is appropriate pursuant to 28 U.S.C. § 1391(b)(2).

**DEFINITIONS**

1. "Incapacitated Detainee" is defined for the purposes of this Consent Decree as a person committed to the custody of the Division of Public and Behavioral Health pursuant to Nev. Rev. Stat. 178.425.

2. "Treatment to Competency" is defined for the purposes of this Consent Decree as treatment provided to an Incapacitated Detainee to attempt to cause him to attain competency to stand trial or receive pronouncement of judgment.

3. "Prompt Restorative Treatment" is defined for the purposes of this Consent Decree as providing appropriate treatment to competency within seven (7) days from the Division of Public and Behavioral Health's's receipt of a court order.

4. The "Plan" means the plan of action developed by Defendants to reach the goal of providing Prompt Restorative Treatment to all Incapacitated Detainees in Nevada as soon as possible, and accepted by Plaintiffs. The Plan is attached hereto as Exhibit A.

**INJUNCTIVE RELIEF**

5. Defendants shall immediately implement the Plan (Exhibit A).

6. Defendants shall take all necessary steps to meet the goal of providing Prompt Restorative Treatment to Incapacitated Detainees in Nevada as soon as possible.

7. Should Defendants determine that meeting the goal of providing Prompt Restorative Treatment to Incapacitated Detainees in Nevada as soon as possible requires changes to the Plan, Defendants shall include that information in the reports set forth below in Paragraph 10 and provide Plaintiffs with the opportunity to raise objections and pursue any necessary motion practice as set forth below in Paragraphs 13 before making said changes. In no case shall Defendants implement proposed changes to the Plan sooner than sixty (60) days from providing Plaintiffs with a report detailing the changes as set forth in Paragraph 10 absent the express consent of Plaintiffs.

8. In implementing the Plan, Defendants shall meet the following goals on the following deadlines:

///

| Goal | Deadline |
|---|---|
| Providing Treatment to Competency to Incapacitated Detainees within no more than 21 days from MHDS's receipt of a court order. | Within 60 days from the effective date of this consent decree. |
| Providing Treatment to Competency to Incapacitated Detainees within no more than 14 days from MHDS's receipt of a court order. | Within one year from the effective date of this consent decree.[1] |
| Providing Treatment to Competency to Incapacitated Detainees within no more than seven days from MHDS's receipt of a court order. | No later than September 1, 2015 and continuously thereafter. |

9.  Defendant shall designate a representative to have the authority to implement the requirements of this Consent Decree and the Plan and to provide written reports as set forth below ("Designee").

10. Six (6) months after the effective date of this Decree, and every six (6) months thereafter during the term of this Decree or at any time that a change is proposed to the Plan, Defendants, through the Designee, shall provide a written report ("Report") to Plaintiffs regarding the State of Nevada's efforts to comply with this Decree. The Report shall include, for the preceding six-month period:

   (a) A report on the implementation of the Plan;

   (b) A list of, and explanations for, any proposed changes to the Plan.

   (c) A specific acknowledgment that Defendants have for the instant reporting period, complied with the requirements of the Decree, including the requirements set forth in paragraphs 2 – 9 above.

---

[1] If this goal is not met within six months, the Defendants shall propose a mechanism for meeting it in the first report issued pursuant to this Decree.

  (d) A table detailing, for all orders received during the prior six months, the date the order was received, the date a bed was available for the incapacitated detainee and the date the incapacitated detainee was received at Lake's Crossing.

All information provided pursuant to the above reporting requirements under this Decree should be provided to Plaintiffs via email and U.S. Mail to: the Cark County Public Defender, or a recipient designated by the Clark County Public Defender's designee.

**IMPLEMENTATION AND ENFORCEMENT**

11. Failure by Plaintiffs to enforce any provision of this Consent Decree shall not be construed as a waiver of their right to enforce other provisions of this Decree, nor as a waiver of their right to enforce that provision in the future.

12. If any term of this Consent Decree is determined by any court to be unenforceable, the other terms of this Consent Decree shall nonetheless remain in full force and effect.

13. Plaintiffs may review compliance with this Consent Decree at any time. If Plaintiffs believe that this Consent Decree or any portion of it has been violated, or have any objections to any proposed changes to the Plan, Plaintiffs will raise their concerns with the Designee and the parties will attempt to resolve those concerns in good faith. Plaintiffs will give Defendants thirty (30) days from the date it notifies the Designee of any breach of this Consent Decree to cure that breach before filing a motion for contempt or taking any other enforcement action.

14. Plaintiffs may seek additional attorneys' fees and costs for the purposes of enforcing this Consent Decree, and filing a motion for contempt or taking any other enforcement action as set forth in Paragraph 13.

15. Any delay in prompt restorative treatment not attributable to the Defendants shall not constitute a violation of this consent decree.

///

///

///

**OTHER RELIEF**

16. Defendants shall compensate Plaintiffs for attorneys' fees and costs to date as follows: $2109.52 for costs payable to the Clark County Public Defender and $21,890.48 for costs and fees to Langford McLetchie LLC.

**GENERAL PROVISIONS**

17. This Consent Decree shall be binding upon Defendants, the Nevada Division of Public and Behavioral Health, Lake's Crossing Center for the Mentally Disordered Offender, and the Nevada Department of Health and Human Services.

18. This Consent Decree constitutes the entire agreement between the parties on the matters raised herein and no other statement, promise, or agreement, either written or oral, made by any party or agents of any party, that is not contained in this written Consent Decree, including its attachments, shall be enforceable.

19. This Consent Decree is not intended to remedy any other potential violations of the rights of pretrial detainees or any law that is not specifically addressed in this Consent Decree. Further, this Consent Decree does not constitute res judicata or collateral estoppel with respect to any individual not a party hereto who has or will be committed to the custody of the Division of Mental Health and Developmental Services pursuant to Nev. Rev. Stat. 178.425.

20. The parties signing this Consent Decree in a representative capacity acknowledge and warrant that they have the right to do so.

21. The effective date of this Consent Decree is the date the Court enters the Decree.

///
///
///
///
///
///

22. The duration of this Consent Decree will be five (5) years from the effective date.

IT IS SO ORDERED.

Dated: January 28, 2014

_____
THE HONORABLE MIRANDA M. DU
UNITED STATES DISTRICT JUDGE

**AGREED AND CONSENTED TO:**

LANGFORD MCLETCHIE LLC

Date: 1/28/14

_____
Margaret A. McLetchie, Esquire
616 South 8th Street
Las Vegas, Nevada 89101
(702) 471-6565
Attorneys for Plaintiffs

CATHERINE CORTEZ MASTO
Attorney General

Date: 1/27/14

_____
Julie A. Slabaugh
Senior Deputy Attorney General
100 North Carson Street
Carson City, Nevada 89701
(775) 684-1131
Attorneys for Plaintiff

Date: 1-27-14

_____
Richard Whitley, Administrator
Division of Public and Behavioral Health,
Defendant

PHILIP J. KOHN
Clark County Public Defender

Date: 1/28/14

_____
Christy Craig, Chief Deputy Public Defender
309 South Third Street, Suite 226
Las Vegas, Nevada 89155
(702) 455-4685
Attorneys for Plaintiffs

Date: 1-24-14

_____
Michael J. Willden, Director
Nevada Department of Health
and Human Services, Defendant

Date: 1-27-14

_____
Elizabeth Neighbors, MD, Director of Lakes
Crossing Center, Defendant

Exhibit A

Defendant's Plan of Action

**Actions already taken:**

Prior to this lawsuit, both the Governor and the Legislature supported providing ten additional forensic beds for the Lake's Crossing Hospital housed in a remodeled section of the current Civil hospital. This 10 bed unit referred to as Lakes Annex 2 expanded the number of available beds from 66 to 76. This unit was open on and accepting patients on January 1, 2014.

In addition, the DPBH began a misdemeanor assessment and triage program at Clark County Detention Center allowing for some of the individuals on the wait list to be re-assessed for their charges and ultimately served at the local Civil Hospital. The implementation of the Misdemeanor program has also reduced the number of individuals on the waiting list.

**Short term solutions to be implemented:**

- Expansion of the misdemeanor program to include some Gross Misdemeanors.
    a. The courts and the DPBH have agreed upon a list of gross-misdemeanors that can be added to the list of misdemeanor charges. These additional individuals can be evaluated in the jail and if appropriate charges can be dropped and the individual sent to the local Civil Hospital.
- Expansion of staff to enhance the capacity of the restoration/treatment teams.
    a. Rehiring previously trained expert staff (2)
    b. Enhancing current Clinical Psychology staff by using Rural services Clinical Psychologists to increase the availability of psychologists on the forensic team.
- Addition of 10 beds in the current expansions by assessing individuals that can reside in a room with another patient.
    a. 5 beds will be added on each of the two annexes. Currently all clients are in a room without a roommate but the rooms are built to house two individuals and clients are being evaluated and these extra beds will be incorporated into the population.

- Expand the use of Administrative transfers to allow those that can be treated in a less restrictive environment to get services more rapidly in the civil hospital.

These solutions can be implemented within 60 days (some immediately). DHHS/DPBH will take necessary action to employ additional staff to ensure safety of patients, necessary treatment, and administrative functions.

These actions should bring waiting times below 21 days, with a goal of 7 seven days.

### Mid- term options:

If after the implementation (up to 60 days) of short-term solutions, and an operational evaluation period (90 days), waiting times are still above 14 days; the following options will be evaluated and one or both implemented. The Defendants will report on which option will be pursued in the first six month report required under this Consent Decree.

Up to 60 days would be allowed to train staff, make facility improvements and implement options necessary.

- Use of 10 additional civil beds at Dini-Townsend Hospital
    a. Clients will be assessed by Lakes Crossing staff for appropriateness to receive services in the civil hospital.
- Use of 10 additional civil beds at the Southern Nevada Adult Mental Health campus (Building 3A or Rawson Neal Hospital)
    a. Clients will be assessed by Lakes Crossing staff for appropriateness to receive services in the civil hospital.

### Long term:

- Stein Hospital remodel
    a. 46 beds with estimated date of completion of August 2015.
    b. The Governor is committed to providing funding for sufficient staffing of the additional beds at Stein Hospital